UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE CO., <br><br> Nationwide, <br><br> v. <br><br> BUSHNELL LANDSCAPE INDUSTRIES, INC., <br><br> Bushnell. | No. 2:14-cv-2305-MCE-CKD <br><br> **MEMORANDUM AND ORDER** |

Through this action, Plaintiff Nationwide Mutual Insurance Co. ("Nationwide") seeks to recover more than $350,000 under a compromise agreement ("Agreement") it made with Defendant Bushnell Landscape Industries, Inc. ("Bushnell"). Presently before the Court is Bushnell's Motion to Amend the Pretrial Scheduling Order ("PTSO"). ECF No. 18. Specifically, Bushnell seeks to modify the PTSO for the limited purpose of taking the deposition of Shawn Roessler ("Roessler"), the former Nationwide employee who negotiated the Agreement. For the reasons that follow, Bushnell's Motion is GRANTED.

///
///
///
///

# BACKGROUND

From May 31, 2007 to May 31, 2008, Nationwide supplied Bushnell with commercial property insurance. During that time, Bushnell suffered damage to its nursery stock and submitted a claim pursuant to its policy with Nationwide. Nationwide denied coverage. Eventually, the parties met to discuss a settlement of the coverage dispute. Ms. Roessler was the only Nationwide employee who attended the meeting. The parties ultimately settled that dispute in February 2010 by entering into the Agreement. Pursuant to the Agreement, Nationwide was required to advance Bushnell $300,000 so it could pursue litigation against the party actually responsible for the damage. In return, Bushnell agreed to pay a portion of the proceeds it recovered in litigation to Nationwide. ECF No. 18-5. Ms. Roessler signed the Agreement on Nationwide's behalf. In October 2014, Nationwide filed a Complaint against Bushnell for Breach of Contract and Fraud. The meaning and effect of various negotiated terms and provisions in the Agreement will ultimately determine the outcome of this case.

Pursuant to Federal Rule of Civil Procedure 26, Nationwide provided Bushnell with its Initial Disclosure Statement and listed Ms. Roessler as a witness with knowledge of the underlying coverage dispute and the Agreement.[1] Nationwide's Initial Disclosure Statement also specifically provided that Ms. Roessler could be contacted through Nationwide's counsel.

On September 11, 2015, Bushnell served Nationwide with a deposition notice under Rule 30(b)(6), setting forth three specific matters on which Nationwide was to provide a knowledgeable witness or witnesses. Two of those matters directly related to the underlying claim dispute and the approval of the Agreement. Although the deposition was initially noticed for September 23, 2015, the parties agreed to continue

///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise indicated.

that date to accommodate the availability of both Nationwide's counsel and the designated witness.

On November 18, 2015, however, during a subsequent deposition of Attorney Irene Yesowitch on November 18, 2015, Bushnell learned for the first time that Nationwide had not employed Ms. Roessler for several years.  Ms. Yesowtich could not even confirm whether Ms. Roessler was employed in California, and testified that she did not have her phone number.  Later that same day, Attorney Michael Melendez informed Bushnell's counsel that Nationwide would not produce Ms. Roessler as a witness in response to Bushnell's Rule 30(b)(6) deposition notice.  Non-expert discovery was set to close just over a week later, on November 25, 2015, and although Bushnell's counsel immediately requested that Mr. Melendez stipulate to an order reopening discovery so Bushnell could take Ms. Roessler's deposition, Mr. Melendez waited until January 7, 2016, to deny the request.  As a result, Bushnell now seeks an order amending the PTSO for the limited purpose of deposing Ms. Roessler.

## DISCUSSION

Generally, the Court is required to enter a pretrial scheduling order within 120 days of the filing of the complaint.  Fed. R. Civ. P. 16(b).  The scheduling order "controls the subsequent course of the action" unless modified by the Court.  Fed. R. Civ. P. 16(e).  Orders entered before the final pretrial conference may be modified upon a showing of "good cause," Fed. R. Civ. P. 16(b), but orders "following a final pretrial conference shall be modified only to prevent manifest injustice." Fed. R. Civ. P. 16(e); see also Johnson v. Mammoth Recreations, 975 F.2d 604, 608 (9th Cir. 1992)

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment.  Johnson, 975 F.2d at 609.  The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983

1  amendment); Id.  Moreover, carelessness is not compatible with a finding of diligence
2  and offers no reason for a grant of relief.  Johnson, 975 F.2d at 609.  Although the
3  existence or degree of prejudice to the party opposing the modification might supply
4  additional reasons to deny a motion, the focus of the inquiry is upon the moving party's
5  reasons for seeking modification.  Id. (citing Gestetner Corp. v. Case Equip. Co.,
6  108 F.R.D. 138, 141 (D. Me. 1985)).  If the moving party was not diligent, the Court's
7  inquiry should end.  Id.
8       If the Court concludes that the moving party was diligent, however, the district
9  courts generally allow amendments of pre-trial orders if three additional criteria are met.
10 Landes v. Skil Power Tools, No. 2:12-cv-1252, 2013 WL 6859837 at *3 (E.D. Cal. Dec.
11 30, 2013) (citing Amarel v. Connell, 102 F.3d 1494, 1515 (9th Cir. 1996)).  Specifically,
12 courts look to whether: (1) amendment of the PTSO will result in substantial injury to the
13 opposing party; (2) refusing to allow the amendment might result in injustice to the
14 movant; and (3) amendment will inconvenience the court.  Id. at *4-5.
15      As an initial matter, Nationwide's argument that Bushnell was not sufficiently
16 diligent in seeking to depose Ms. Roessler lacks merit.  While Nationwide is correct that
17 Bushnell could have avoided the need for this Motion by noticing Roessler's deposition
18 individually instead of assuming she would be produced in response to a Rule 30(b)(6)
19 notice, that argument glosses over Nationwide's role in creating Bushnell's predicament.
20      First, Nationwide's Initial Disclosure Statement was misleading.  It represented
21 that Ms. Roessler could be contacted through Nationwide's counsel when Nationwide's
22 counsel did not even have her phone number.  In the context of the information provided
23 about the other witnesses, this statement masked the fact that Ms. Roessler was not a
24 Nationwide employee at any time during the pendency of this case.  This
25 misrepresentation, coupled with Ms. Roessler's central role in negotiating the
26 Agreement, made it reasonable, indeed inevitable, that Bushnell would assume
27 Nationwide would designate Ms. Roessler as its Rule 30(b)(6) witness.
28 ///

4

Second, when Bushnell's counsel learned that that Ms. Roessler would not be produced as a witness in response to Bushnell's Rule 30(b)(6) deposition notice, he immediately sought a stipulation from Nationwide to depose her as an individual.  This effort, especially in light of the representations in Nationwide's Initial Disclosure Statement, warrants a finding of diligence here.  See id. at *3 (explaining that the plaintiff acted with reasonable diligence in seeking a modification of the PTSO because he began "searching for a new expert witness and conferring with Defendants immediately upon learning that [the expert witness] would no longer adhere to his agreement . . . .").

Having established the requisite level of diligence, Bushnell easily satisfies the remainder of the good cause test.  First, modifying the PTSO to permit Bushnell to depose Ms. Roessler will not injure Nationwide.  Nationwide identified Ms. Roessler as a person with knowledge of the facts in dispute and represented that she could be contacted through Nationwide's counsel.  Furthermore, Ms. Roessler was the Nationwide employee who negotiated and signed the Agreement.  These facts indicate that Nationwide has always expected she would be deposed.  Indeed, at no point in its Opposition does Nationwide argue that it would be injured by allowing Bushnell to take Ms. Roessler's deposition.

Second, Bushnell will be severely prejudiced absent the opportunity to depose Ms. Roessler.  Given her role in the formation of the Agreement, Ms. Roessler will be a key witness at trial as to the meaning of terms and provisions in the Agreement. Requiring Bushnell to blindly examine her in court will result in a less efficient trial and would make it significantly more difficult for Bushnell to squarely address Nationwide's claims.  See Dienstag v. Bronsen, No. 68-Civ. 576, 49 F.R.D. 327, 329 (S.D.N.Y. Jan. 14, 1970)  (depositions allow litigants to fairly and expeditiously prepare their cases, and allow the Court to minimize "trial time spent in wasteful sparring unrelated to the merits of the case.").

Third, amending the PTSO to permit Roessler's deposition would not inconvenience this Court even slightly.  Trial in this matter is more than six months away,

and the Final Pretrial Conference is set for July 28, 2016.  Bushnell will depose Ms. Roessler well before these deadlines.  Indeed, absent the need to file the current motion, she could have been deposed already.

To that end, Nationwide's discovery games and sharp tactics have absolutely inconvenienced this Court.  Nationwide's misleading Initial Disclosure Statement and refusal to stipulate to an extension permitting Bushnell to depose the only Nationwide employee present when the Agreement was discussed not only required the Court to spend its extremely limited resources addressing a dispute that should have been easily resolved without its involvement, but also speak to a troubling lack of professionalism and courtesy.  The Court will not tolerate such conduct in the future, and Nationwide and its counsel are admonished that the Court will be paying close attention to the manner in which they litigate this case going forward.

## CONCLUSION

For the reasons stated above, Nationwide's Motion to Amend the Pretrial Scheduling Order (ECF No. 18) is GRANTED.  The PTSO is hereby AMENDED to extend the discovery completion date until May 15, 2016, for the limited purpose of allowing Bushnell to take Shawn Roessler's deposition.

IT IS SO ORDERED.

Dated:  March 14, 2016

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT